JESSICA A. BETLEY
TARA J. ELLIOTT
Assistant U.S. Attorneys
U.S. Attorney's Office
P.O. Box 3447
Great Falls, MT 59403
119 First Ave. North, # 300
Phone:     (406) 761-7715
FAX:       (406) 453-9973
Email:     Jessica.Betley@usdoj.gov
           Tara.Elliott@usdoj.gov

ATTORNEYS FOR PLAINTIFF
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| UNITED STATES OF AMERICA, Plaintiff, vs. EDUARDO OCEGUEDA-RUIZ, Defendant. | CR 14-96-GF-BMM SENTENCING MEMORANDUM |
|---|---|

The United States of America, by and through Jessica A. Betley, Assistant U.S. Attorney for the District of Montana, provides the Court with a memorandum in aid of sentencing of the defendant.

1

## INTRODUCTION

Following a two day trial, a jury convicted the defendant of conspiracy to possess with intent to distribute and to distribute methamphetamine; possession with intent to distribute methamphetamine; possession of a firearm in furtherance of a drug trafficking crime; felon in possession of a firearm; and illegal alien in possession of a firearm.  PSR ¶ 14.

The Presentence Investigation Report (PSR) has calculated the defendant's total offense level as 36 and his criminal history category as III, which results in an advisory guideline range of 235 to 293 months imprisonment.  PSR ¶ 106.  This guideline range, however, does not include the mandatory 60 month consecutive term of imprisonment due to the defendant's conviction for possession a firearm in furtherance of a drug trafficking crime (Count 20).  PSR ¶ 52.  Therefore, the guideline range is actually 295 to 353 months imprisonment.  But the defendant ultimately faces a mandatory term of life imprisonment for his convictions for conspiracy to possess with intent to distribute and to distribute methamphetamine, and possession with intent to distribute methamphetamine (Counts 1 and 5).  PSR ¶¶ 83-84.

On February 2, 2015, the government filed an Information pursuant to 21 U.S.C. § 851.  (Doc. 408).  This Information placed the defendant on notice of the government's intent to seek increased punishment should the defendant be

convicted of Counts 1 or 5 of the Indictment. Specifically, the government stated it would seek a mandatory term of life imprisonment without release. (Doc. 408 at 2). The jury ultimately convicted the defendant of Counts 1 and 5, and the government requests the Court sentence the defendant to life imprisonment.

The defendant has asserted a broad objection to the mandatory sentence of life imprisonment on the basis of "all available constitutional grounds including separation of powers and the 5th, 6th and 8th Amendments," but acknowledges that these challenges have long been rejected. (Doc. 722 at 3-4). *See United States v. Jensen*, 425 F.3d 698 (9th Cir. 2005) (Mandatory life sentence did not violation due process or Eighth Amendment).

21 U.S.C. § 851 is a procedural statute, and "[t]hese procedures take form in four requirements. The information must be in writing; it must be filed with the court and served on the defendant or his counsel; it must be filed and served before trial or before a guilty plea; and the substance of the information must identify the previous conviction(s)." *United States v. Severino*, 316 F.3d 939, 943 (9th Cir. 2003). Once an information pursuant to U.S.C. § 851 is filed, "the court must (1) ask a defendant whether he or she affirms or denies the prior conviction, and, if challenged, (2) hold a hearing to address issues raised which would except the defendant from increased punishment." *Id.*; *see* 21 U.S.C. § 851(b)-(c). If a

defendant "files no response to the information…the court shall proceed to impose sentence upon him." 21 U.S.C. § 851(d)(1).

Here, the government timely and properly filed an information which stated in writing the three previous convictions upon which the government intends to rely on to enhance the defendant's penalty. *United States v. Hamilton*, 208 F.3d 1165, 1168 (9th Cir. 2000). The defendant has also not contested the validity of the three prior convictions. Because the defendant has three prior drug felony convictions, the government requests the Court impose a mandatory term of life imprisonment. 21 U.S.C. § 841(b)(1)(A)(viii).

## ARGUMENT

**Sentencing Analysis:**

Section 3553(a) of Title 18 of the United States Code contains prefatory language—"The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." Those purposes include the need for the sentence to:

- reflect the seriousness of the offense;
- promote respect for the law;
- provide just punishment for the offense;
- afford adequate deterrence to criminal conduct;
- protect the public from further crimes of the defendant; and,

- provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

In addition, subsection (1) of § 3553(a) requires the court to consider the nature and circumstances of the offense and the history and characteristics of the defendant; subsection (3) requires the court to consider the kinds of sentences available; subsections (4), (5), and (6) require the Court to consider the sentencing guidelines and policy statements, and to avoid unwarranted sentencing disparity; and subsection (7) requires the Court to provide restitution to victims.

### A. 18 U.S.C. § 3553(a)(1) - The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant.

In determining a particular sentence to impose, this Court shall consider the nature and circumstances of the specific offense, and the history and characteristics of the defendant. 18 U.S.C. § 3553(a)(1). Here, the defendant participated in a large-scale methamphetamine conspiracy that was responsible for distributing tens of pounds of methamphetamine throughout Montana. The defendant appeared in Great Falls toward the end of the conspiracy, but in this short time period, he had an extremely significant impact.

In early September 2014, law enforcement in Great Falls identified the defendant exchange a firearm with Joshua Rodriguez and Martin Leland. PSR ¶¶ 26-28. Two weeks later, agents tracked the defendant travel back to Montana from California with Rodriguez. In California, law enforcement seized 864.1

5

grams of actual (pure) methamphetamine from the defendant and Rodriguez's rental car. PSR ¶ 30. They continued driving to Montana where the defendant provided Larry Griner with 158.7 grams of actual (pure) methamphetamine, and also provided Martin Leland with 107.9 grams of actual (pure) methamphetamine. Significantly, during the exchange with Leland, the defendant acquired two semi-automatic pistols and over 70 rounds of ammunition. PSR ¶ 36. Agents seized the firearms and ammunition from the defendant at the time of his arrest.

Shortly thereafter, agents confiscated 2213 grams of methamphetamine from the defendant and Rodriguez's Great Falls hotel room. This methamphetamine had a purity of 100 percent, and notably, the defendant's fingerprints were also found on the inside of the methamphetamine packaging. While a mandatory life term of imprisonment is required, this sentence also adequately accounts for the nature and circumstances of this offense. The defendant was involved in an extremely dangerous drug and gun trade, and was responsible for bringing pounds of methamphetamine into Montana communities. As previously stated, the defendant has three prior felony drug convictions. A term of life imprisonment also reflects the defendant's serious history of drug trade.

> **B. 18 U.S.C. § 3553(a)(2)(A) – The Need for the Sentence to Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment for the Offense.**

Respect for the law is critical to the success of the criminal justice system. This respect is established by ensuring that the sentence reflects the seriousness of the offense, which in turn should provide just punishment for all interests involved. Here, the defendant participated in a significant criminal enterprise that was responsible for trafficking methamphetamine and firearms. In just one trip, he brought over eight pounds of pure methamphetamine into Montana. Equally as frightening is the firearm trade that occurred for this methamphetamine.

A life term of imprisonment is entirely appropriate here after considering the extraordinary amount of methamphetamine and firearms involved in this conspiracy, as well as the extreme danger created by the defendant's facilitation of these offenses. A life term of imprisonment also appropriately reflects the seriousness of this offense, promotes respect for the law, and provides just punishment for the offense.

### C.  18 U.S.C. § 3553(a)(2)(B) and (C) – The Need for the Sentence to Afford Adequate Deterrence to Criminal Conduct and to Protect the Public from Further Crimes of the Defendant.

The defendant has a history of trafficking illegal narcotics, and only an extremely significant period of imprisonment is likely to deter him from engaging in criminal conduct in the future. A life term of imprisonment is the only sentenced which will ultimately protect the public from any further crimes of the defendant.

**Sentencing Recommendation:**

The United States respectfully recommends a life term of imprisonment.

DATED this 25th day of May, 2015.

                                          MICHAEL W. COTTER
                                        United States Attorney


                                        /s/  Jessica A. Betley
                                        JESSICA A. BETLEY
                                        Assistant U.S. Attorney

## CERTIFICATE OF COMPLIANCE

Pursuant to D. Mont. L.R. 7.1(d)(2) and CR 47.2, the body of the attached memorandum is proportionately spaced, has a typeface of 14 points or more, and the body contains 1,398 words, excluding the caption and certificate of compliance.

        MICHAEL W. COTTER
        United States Attorney


        /s/  Jessica A. Betley
        JESSICA A. BETLEY
        Assistant U.S. Attorney