IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff/Respondent, <br><br> vs. <br><br> EDUARDO OCEGUEDA-RUIZ, <br><br> Defendant/Movant. | Cause No. CR 14-96-GF-BMM-14 <br><br> ORDER |

This case comes before the Court on Defendant/Movant Eduardo Ocegueda-Ruiz's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. On April 18, 2018, the Court denied Claims 1, 4, and 5 and required the United States to respond to Claims 2 and 3. *See* Orders (Docs. 860, 861).

After lengthy negotiations, the parties have reached an agreement for resentencing. The United States agrees that Ocegueda's double jeopardy claim as to Counts 21 and 22 has merit and Ocegueda should be resentenced on all counts. The United States also agrees to withdraw its Information under 21 U.S.C. § 851. *See* Sentencing Agreement (Doc. 925) at 3 ¶¶ 1–2. Ocegueda agrees "to withdraw, forfeit, and waive all other claims" in his § 2255 motion. *Id*. at 4 ¶ 3.

Accordingly, IT IS ORDERED:

1

1. Ocegueda's motion under 28 U.S.C. § 2255 (Docs. 839, 859) is GRANTED as to his double jeopardy claim. Judgment on Count 22 is VACATED.

2. Ocegueda's § 2255 motion is WITHDRAWN and DISMISSED as to all other claims.

3. The United States' Information (Doc. 408) is WITHDRAWN.

4. Sentencing remains set for **January 30, 2020,** at **11:00 a.m.** in the Missouri River Courthouse, Great Falls, Montana.

5. The United States Probation Office shall conduct a supplemental presentence investigation in accordance with Fed. R. Crim. P. 32(b) and 18 U.S.C. § 3552(a).

6. Pursuant to Fed. R. Crim. P. 32(b)(2), the Court finds good cause to change the time limits prescribed in Rule 32.

7. Following completion of the presentence report, the probation officer shall disclose the report (excepting any recommendations of the probation officer) to the defendant, counsel for the defendant, and counsel for the government no later than **January 6, 2020.** The probation officer shall not disclose, directly or indirectly to anyone under any circumstances, the substance or contents of any recommendation made or to be made to the Court.

8.  In cases where restitution is mandatory, the probation officer shall consider a payment plan with the Defendant and make recommendations to the Court concerning interest and a payment schedule.

9.  In accordance with U.S.S.G. § 6A1.2, after receipt of the presentence report and no later than **January 11, 2020,** counsel for each party shall present to the probation officer, in writing, any objections to be relied upon at sentencing and, if there is a dispute over any material in the presentence report, counsel shall meet with the probation officer and attempt to resolve disputes informally by diligent good faith effort.

10.  The presentence report, in final form, shall be delivered to the Court and the parties no later than **January 17, 2020.**

11.  If the objections made pursuant to ¶ 9 are not resolved and counsel wishes the Court to address them, the objecting party shall submit all unresolved objections and a sentencing memorandum to the Court no later than **January 22, 2019.**  The Court will resolve disputes in accordance with § 6A1.3 of the guidelines at the sentencing hearing.

12.  If either party intends to have witnesses testify at sentencing, the party must notify the Court and the opposing party, by filing a separate notification document, no later than **January 22, 2020,** of the identity of the witness and the scope and purpose of the intended testimony.  The requirement that the opposing

party be notified of any intended testimony applies regardless of the language of Rule 17(b) contemplating ex parte application for witness subpoenas.

13. Without leave of Court, the defendant may file no more than ten (10) letters of support. Defendants wishing to file more than ten (10) letters must first seek leave of Court explaining why a greater number is necessary.

14. Any responses to sentencing memoranda shall be filed on or before **January 24, 2019.**

15. Reply briefs will not be accepted for filing in sentencing matters.

16. After an amended judgment is entered in the criminal case, the clerk will close the civil case, No. CV 17-34-GF-BMM, by entering judgment in favor of Ocegueda-Ruiz and against the United States.

DATED this 10th day of December, 2019.

Brian Morris
United States District Court Judge